881 So.2d 668 (2004)
LAWYERS TITLE INSURANCE CORPORATION, Appellant/Cross-Appellee,
v.
Benny A. WELLS and Kathy Wells, Appellees/Cross-Appellants.
No. 5D03-1346.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*669 M. Bradley Luczak & Christian J. Gendreau of Sobering, White & Luczak, P.A., Winter Park, for Appellant/Cross-Appellee.
Kelvin L. Averbuch, Lake Mary, for Appellees/Cross-Appellants.
DAVIDSON, L., Associate Judge.
Lawyers Title Insurance Corporation ("Lawyers Title") appeals the amended final summary judgment[1] entered in favor of Benny and Kathy Wells (collectively, "the Wellses") on Lawyers Title's declaratory judgment action and the Wellses' breach of contract counterclaim. We reverse the amended summary final judgment in favor of the Wellses and remand for entry of summary judgment in favor of Lawyers Title. As this case involves the entry of summary judgment, our standard of review is de novo. Krol v. City of Orlando, 778 So.2d 490, 491 (Fla. 5th DCA 2001).
The facts of this case are undisputed. The Wellses made a $65,000 loan to Theresa Fogarty. In exchange, Fogarty executed and delivered a promissory note memorializing the loan. The promissory note, dated April 18, 2001, provided that Fogarty would repay the Wellses as follows: "Principal and interest payment in the amount of $70,000.00, shall be due and payable in full on May 19, 2001." Fogarty also executed and delivered to the Wellses a mortgage deed to secure the loan with property that had purportedly been conveyed to her by her mother-in-law, Doris Clay.
On April 20, 2001, Lawyers Title issued a Loan Policy of Title Insurance ("the title policy") to the Wellses for $65,000. Fogarty defaulted under the note and mortgage by failing to pay the principal and interest when they came due. After the Wellses *670 obtained a final judgment of foreclosure, Clay came forward and contended that the warranty deed from her to Fogarty was a forgery. Faced with this problem, the Wellses then demanded payment from Lawyers Title under the title policy based on the questioned signature of Clay on the warranty deed.
Lawyers Title filed a declaratory judgment action against the Wellses regarding its obligations, if any, pursuant to the title policy. The Wellses counterclaimed against Lawyers Title for breach of contract. Both parties filed motions for summary judgment. The trial court denied Lawyers Title's summary judgment motion and granted that of the Wellses. The trial court found that the loan agreement between Fogarty and the Wellses contained both legal and illegal terms, refused to enforce the illegal usurious portion of the agreement, but enforced the remainder of the agreement requiring the repayment of the principal amount borrowed of $65,000.
We conclude that the trial court erred. Section 687.071(3), Florida Statutes (2003), provides that anyone who willfully and knowingly charges, takes, or receives interest at a rate exceeding 45% per annum, or the equivalent rate for a longer or shorter period of time, is guilty of a third degree felony. Any person who lends money contrary to section 687.071(3) is by definition a "loan shark." § 687.071(1)(f), Fla. Stat. (2003). Section 687.071(7) provides that, "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state." The interest rate charged on the instant loan is approximately 92.3% per annum, which is clearly criminally usurious pursuant to section 687.071(3), Florida Statutes, and unenforceable according to section 687.071(7). Moreover, the title policy expressly excluded coverage for defects or adverse claims for invalidity or unenforceability of the lien of the insured mortgage based upon usury:
The following matters are expressly excluded from the coverage of this policy and [Lawyers Title] will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
* * *
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
Notwithstanding the foregoing, the Wellses argue that Title & Trust Co. of Florida v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985), supports the trial court's decision. We disagree. While Parker contains language that a court may, in some instances, give effect to legal terms of a contract and refuse to give effect to illegal terms of the same contract, the policy in Parker did not contain the same exclusion for usurious loans as the title policy at issue here.
Because the Wellses did not have a lawful interest in the loan, they had no insurable interest. An unenforceable usurious loan cannot give rise to an insurable interest.[2] Without an insurable interest in *671 the loan, the Wellses could not enforce the title policy pursuant to section 627.405(1), Florida Statutes. Focus Inv. Assocs., Inc. v. Am. Title Ins. Co., 992 F.2d 1231 (1st Cir.1993); Phalen Park State Bank v. Reeves, 312 Minn. 194, 251 N.W.2d 135 (1977); Lawyers Title Ins. Co., Inc. v. Novastar Mortgage, Inc., 862 So.2d 793 (Fla. 4th DCA 2003).
The Amended Summary Final Judgment in favor of the Wellses is reversed. This cause is remanded to the trial court with instructions to enter summary judgment in favor of Lawyers Title.
REVERSED AND REMANDED.
PLEUS and MONACO, JJ., concur.
NOTES
[1] The amended summary final judgment rendered in favor of the Wellses, merely changed the post-judgment interest rate in the final summary judgment from 10% to 6%.
[2] Section 627.405, Florida Statutes, provides in pertinent part:

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
(2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.